HIRAM SCHOCH v. JOHN H. McLANE AND WINFIELD McLANE.

*Statute of frauds—Verbal promise for debt of another—Held within the
statute.*

On a review of the record in this case, *held*, that the claim of plaintiff
as assumed by his counsel, and which is really broader than the
record warrants. is that of a *verbal* promise for the debt of another
person, on which there is nothing indicated to remove it from the
operation of the statute of frauds; and that the decision of the
court below that there could be no recovery is right.[1]

Error to Calhoun. (Hooker, J.) Argued July 8, 1886.
Decided July 15, 1886.

Assumpsit. Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

---

[1] See *Grice v. Noble*, 59 Mich. 516 (head-note 3).

*Wm. H. Brown* (*John C. Patterson*, of counsel), for appellant :

There was sufficient testimony tending to show an original agreement, not within the statute of frauds, to go to the jury : *Jones v. Palmer*, 1 Doug. 379 ; *Huntington v. Wellington*, 12 Mich. 15 ; *Taylor v. Soper*, 53 Id. 96 ; *Morris v. Osterhout*, 55 Id. 262.

*Frank L. Skeels*, for defendants :

Hakes, the original debtor, not having been released, the promise was directly within the statute : *Welch v. Marvin*, 36 Mich. 59 ; *Baker v. Ingersoll*, 39 Id. 159 ; *Gower v. Stuart*, 40 Id. 747 ; *Studley v. Barth*, 54 Id. 6.

CAMPBELL, C. J. The suit was begun below, in a justice's court, to recover on orders drawn by one Hakes upon plaintiff, in favor of men employed by Hakes in doing railroad work. The section was under contract to the defendants as contractors with the railroad company, and Hakes appears to have had some subordinate work.

The testimony tended to show that Hakes had a number of men employed who were boarding with one Acker, and, after the bill had run up, Hakes gave Acker an order on Schoch, which the latter would not accept. They subsequently saw one of the McLanes, and told him Schoch would not pay the order unless he indorsed it. He wrote an indorsement of some sort upon it, and it was accepted and paid. There was some talk then about other orders, to be issued from time to time, and some understanding, as is claimed, was arrived at that they would be paid every thirty days. Schoch says they said either that defendants would pay them or see them paid,—he was not sure which. Several orders were afterwards made, from time to time, and paid at the proper intervals by Hakes. The amount now sued on remained unpaid.

Schoch swore to some subsequent communication with one of the McLanes, who said he supposed they were paid, and plaintiff says he said he would pay it, but they must wait for the June payment. Plaintiff waited some time after

Hakes' default before applying to McLane. He subsequently sued Hakes upon the debt, and garnished defendants. It does not appear what the result of that was.

The court below held there could be no recovery. We think the decision was right. There was no positive proof that defendants ever promised directly to pay this debt before Hakes was in default, and there was no written promise to pay it at any time. There is room for a strong inference that no representation was made except with some view to protecting plaintiff by seeing that Hakes should apply his pay moneys; but the only promise averred at all is a verbal one to pay, or in some way look after the payment of, a debt which was the sole obligation of Hakes, and on which Hakes made all the payments that any one made.

The case, in its best light for the plaintiff, is that of a verbal promise for the debt of another person, on which there was nothing indicated to remove it from the operation of the statute of frauds. In order to get at even this amount of facts, we have had to refer to the brief of counsel. The record itself is wanting in any means of ascertainment of several of the facts that we have assumed. The claim made as assumed by counsel is what we have based our decision upon, and is really broader than the record warrants.

The judgment must be affirmed.

The other Justices concurred.